ELLEN F. ROSENBLUM
Attorney General
KELLY BURRIS #133176
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: kelly.c.burris@doj.oregon.gov

Attorneys for Defendants Oregon Department of Corrections,
Oregon Corrections Enterprises and Michael Bierman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J.M.H., | Case No. 3:24-cv-00637-AR |
| Plaintiff, | STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; OREGON CORRECTIONS ENTERPRISES; CHRISTINE ZAMORA, and MICHAEL BIERMAN, | |
| Defendants. | |

Defendants Oregon Department of Corrections ("ODOC"), Oregon Corrections

Enterprises ("OCE"), and Michael Bierman (herein "State Defendants"), by and through the

undersigned, in response to Plaintiff's Complaint, admit, deny, and allege as follows.

State Defendants deny each and every allegation of Plaintiff's Complaint not expressly

admitted herein.

Page 1 - STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
    KB6/a4s/962155510

1.

In response to Paragraph 1, State Defendants admits that J.M.H. ("Plaintiff") is an Adult in Custody ("AIC") of ODOC and was housed at Deer Ridge Correctional Institution ("DRCI") from March 8, 2023, through December 12, 2023. State Defendants deny that they were negligent as alleged in paragraph 1. State Defendants are without sufficient knowledge as to the truth of the remaining allegations in paragraph 1, and therefore deny, pending discovery.

2.

To the extent the allegations in paragraph 2 relate to State Defendants, State Defendants are without sufficient knowledge as to the truth of the allegations, and therefore deny, pending discovery.

3.

Paragraph 3 appears to contain non-substantive factual averments to which no response is required. To the extent a response is required, State Defendants deny Plaintiff is entitled to the relief sought.

4.

In response to paragraph 4, State Defendants deny Plaintiff was disciplined or sent to disciplinary segregation in retaliation. The remaining allegations in paragraph 4 appear to contain non-substantive factual averments to which no response is required.

5.

State Defendants admit Plaintiff was previously housed at DRCI as described in paragraph 1 of State Defendants' Answer. State Defendants are without sufficient knowledge as to the truth of the remaining allegations in paragraph 5, and therefore deny, pending discovery.

6.

State Defendants admit paragraph 6.

Page 2 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
KB6/a4s/962155510

7.

In response to Paragraph 7, State Defendants admit OCE is a semi-independent agency that is funded through sales of its products and services. State Defendants further admit OCE provides opportunities for AICs engaged in work programming while in ODOC custody. State Defendants deny OCE "employs" AICs.

8.

In response to paragraph 8, State Defendants admit Christine Zamora was employed as a Contact Center Production Coordinator at DRCI. State Defendants further admit that, while housed at DRCI, Plaintiff's work assignments included, at times, assignment to the OCE Contact Center at DRCI. State Defendants are without sufficient information as to the remaining allegations in paragraph 8, and therefore deny the same.

9.

In response to paragraph 9, State Defendants admit that Michael Bierman is the DRCI Production Manager for OCE. State Defendants are without sufficient information as to the remaining allegations in paragraph 9, and therefore deny the same.

10.

In response to paragraphs 10-11, State Defendants admit that this Court would have jurisdiction over the claims brought under the Eighth Amendment (42 USC Sec. 1983) against individual defendants. With respect to the state law claims, and claims against a state agency, it is State Defendants' position that those are subject to Eleventh Amendment Immunity.

11.

In response to paragraph 12, State Defendants admit sexual activity between an ODOC employee and an AIC is unlawful. State Defendants admit AICs are required to engage in programming, which includes work assignments. State Defendants deny Plaintiff is or has ever been an "employee" of ODOC or OCE. State Defendants are without sufficient information as to the remaining allegations in paragraph 12, and therefore deny the same.

Page 3 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
KB6/a4s/962155510

12.

State Defendants deny paragraphs 13, 15, and 20-22

13.

State Defendants are without sufficient information as to truth of the allegations in paragraph 14, 16-19, and 23-25, and therefore deny, pending discovery.

14.

With respect to paragraphs 26-49 and 54-57, State Defendants are without information sufficient to admit or deny any remaining allegations therein, and accordingly, deny the same, pending completion of discovery. State Defendants deny Plaintiff is entitled to any relief sought.

15.

Paragraphs 50-53 contain allegations directed against a co-defendant to which no response is required.

16.

Expect as expressly admitted above, State Defendants deny each and every allegation in Plaintiff's Complaint, and deny Plaintiff is entitled to the relief sought.

17.

The affirmative defenses below each incorporate the admissions, denials, and allegations set forth above.

18.

In asserting these defenses below, State Defendants do not assume any burden that properly lies on the Plaintiff.

Page 4 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
KB6/a4s/962155510

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

19.

Plaintiff fails to state a claim upon which this Court can grant relief under one or more of the theories set forth in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

### PLRA

20.

State Defendants assert all provisions of the Prison Litigation Reform Act ("PLRA"), including the provision requiring exhaustion of administrative remedies, to Plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

### Oregon Tort Claims Act

21.

Plaintiff's state law claims are subject to the Oregon Tort Claims Act and the procedures, limitations, and immunities contained in ORS 30.260, *et seq.*, including, but not limited to, the requirement that separate and timely Tort Claim Notices be provided within 180 days of the alleged actions on which each claim for relief is based, and the requirement that the timely giving of such Tort Claim Notices must be pled in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### Eleventh Amendment Immunity

22.

State Defendants are immune from suit in federal court and protected under Eleventh Amendment immunity as to federal law claims against them and as to state and common law claims.

Page 5 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## FIFTH AFFIRMATIVE DEFENSE

### Statute of Limitations

23.

All allegations outside of the statute of limitations period are barred.

## SIXTH AFFIRMATIVE DEFENSE

### Qualified Immunity

24.

State Defendants allege that at all times relevant to Plaintiff's Complaint, they were acting in good faith; they reasonably believed that their conduct was lawful in light of clearly established law and the information available to them; they were within their discretion pursuant to the laws and statutes of the State of Oregon and the United States; and that their conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

## SEVENTH AFFIRMATIVE DEFENSE

### Comparative Negligence

25.

Plaintiff's injuries may have been caused in whole or in part by plaintiff's own negligence and, accordingly, would be reduced or disallowed based upon the comparative or contributory fault.

## RESERVATION OF ADDITIONAL DEFENSES

26.

State Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

## JURY TRIAL DEMAND

27.

State Defendants demand a jury trial.

Page 6 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
KB6/a4s/962155510

WHEREFORE, having fully answered Plaintiff's Complaint herein, State Defendants pray for a judgment in their favor; for dismissal of Plaintiff's Complaint, with prejudice, against State Defendants; for an award of costs and disbursements incurred herein; and for such other and further relief as the Court may deem appropriate.

DATED July 22, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Kelly Burris*
KELLY BURRIS #133176
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
kelly.c.burris@doj.oregon.gov
Of Attorneys for Defendants
Oregon Department of Corrections,
Oregon Corrections Enterprises, and
Michael Bierman

KB6/a4s/962155510

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000